UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| ILIR LECAJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-10256-LTS |
| | ) | |
| GREEN TREE SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

May 22, 2015

SOROKIN, J.

　　Plaintiff Ilir Lecaj filed a complaint, pro se, in the Newburyport District Court on January 14, 2015, against Defendant Green Tree Servicing, LLC, the servicer of Plaintiff's mortgage. Doc. No. 1-1 at 3. Defendant removed to this Court on February 3, 2015, based on federal question jurisdiction. Doc. No. 1. Subsequently, Plaintiff obtained counsel who appeared in this action on February 11, 2015. Doc. No. 5.

　　Defendant filed its first motion to dismiss on February 17, 2015. Doc. No. 7. When Plaintiff missed the deadline to respond under the Local Rules, see LR, D. Mass. 7.1, the Court ordered Plaintiff to file a response or face possible dismissal of his action. Doc. No. 10. Eventually, with the benefit of an allowed extension, Doc. No. 14, Plaintiff did respond on April 3, 2015, the Court's extended deadline. Doc. No. 16.

　　Ultimately, the Court allowed Defendant's motion to dismiss with respect to all but the Fair Credit Reporting Act claim and allowed Plaintiff to file an amended complaint. Doc. No.

17. Plaintiff did file a single-count amended complaint, and on May 4, 2015, Defendant filed a motion to dismiss the amended complaint for failure to state a claim. Doc. No. 20. Under the Local Rules, Plaintiff has fourteen days to oppose Defendant's motion to dismiss. LR, D. Mass 7.1. Thus, Plaintiff's opposition was due on May 18, 2015. To date, the Plaintiff has made no filing opposing Defendant's May 4, 2015 motion to dismiss or requesting an extension of time to oppose the motion.

The Court now Orders Plaintiff to respond to Defendant's motion to dismiss (Doc. No. 20) by June 5, 2015. Should Plaintiff fail to file a response to the motion to dismiss by that date, he faces dismissal of his claim due to failure to prosecute and failure to obey this Court Order.

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute is well-established and is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, Inc., 296 F.3d at 45-46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, it is hereby ORDERED that by the close of business on June 5, 2015, the Plaintiff shall respond to Defendant's May 4, 2015 motion to dismiss.

The Clerk shall mail this Order by pre-paid first-class mail to counsel for the Plaintiff in addition to the ordinary service by ECF email.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge