UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

ILIR LECAJ,

           Plaintiff,

v.

GREEN TREE SERVICING, LLC,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 15-10256-LTS

_____

ORDER ON MOTION TO DISMISS

September 14, 2015

SOROKIN, J.

      Plaintiff Ilir Lecaj filed a complaint, pro se, in the Newburyport District Court, against

Defendant Green Tree Servicing, the servicer of Plaintiff's mortgage loan.  Doc. No. 1-1 at 3.

Defendant removed to this Court based on federal question jurisdiction, Doc. No. 1, and

subsequently, moved to dismiss Plaintiff's Complaint in its entirety, Doc. No. 7.  Plaintiff, after

obtaining counsel, opposed Defendant's motion only as to his Fair Credit Reporting Act

("FCRA") claim.  Doc. No. 16.  The Court allowed Defendant's Motion to Dismiss with respect

to all but the FCRA claim and allowed Plaintiff to file an amended complaint.  Doc. No. 17.

      Plaintiff filed an amended complaint asserting a single count for violations of the FCRA

under 15 U.S.C. §§ 1681n and 1681b(f), for willfully pulling Plaintiff's credit without a

permissible purpose.[1]  Doc. No. 19 ¶¶ 12-15.  Now before the Court is Defendant's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. No. 20.

The following facts are drawn from Plaintiff's amended complaint.[2]  Defendant is the mortgagee on property owned by Plaintiff.  Doc. No. 19 ¶ 3.  Defendant inquired of the Plaintiff's credit on five different occasions from May 1, 2013, to September 3, 2014, without notifying Plaintiff.  Id. ¶¶ 4, 10.  Plaintiff had not applied to Defendant for an extension of credit, id. ¶ 7, and the only account Plaintiff had with Defendant at the time of the credit pulls was Plaintiff's mortgage, "which is not open ended credit, and which is not in default."  Id. ¶ 8.

In addition, Plaintiff attached excerpts of reports showing the five credit inquiries, three of which are described as "Account Review Inquiries," with the other two described as "Promotional Inquiries."  Doc. No. 19-1 at 2, 4, 6.  Promotional inquiries are explained as follows:

> The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance.  They did not receive your full credit report.  ***These inquiries are not seen by anyone but you and do not affect you score***.

Id. at 4 (emphasis added).   Plaintiff seeks statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(B), of $1,000.00 for each of the five claimed credit inquiries, as well as attorney's fees and punitive damages.

For the reasons that follow, Defendant's motion to dismiss (Doc. No. 20) is ALLOWED.

---

[1] The introduction to Plaintiff's amended complaint invokes 15 U.S.C. § 1681o, as well.  Doc. No. 19 at 1.  Section 1681o, however, governs negligent violations of the FCRA, 15 U.S.C. § 1681o, and Plaintiff has failed to allege any negligent violation by Defendant, insisting, rather, that Defendant's conduct was willful.  In addition, Plaintiff's single count claims only willful violations of § 1681b under § 1681n, and Plaintiff seeks only statutory damages available under § 1681n.  Doc. No. 19 ¶¶ 12-15.

[2] In keeping with the standard of review applicable to motions brought pursuant to Fed. R. Civ. P. 12(b)(6), factual allegations are recited as if true.  See Arturet-Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 (1st Cir. 2005).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  The Court is not bound to accept as true legal conclusions alleged in a complaint.  Id.

To get beyond the pleading stage of his FCRA claim, Plaintiff first must set forth facts sufficient to plausibly allege that: (1) Defendant obtained the credit reports for an impermissible purpose; and (2) that Defendant's conduct was either willful or negligent.  Perez v. Portfolio Recovery Assocs., LLC, No. CIV. 12-1603 JAG, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012).  Plaintiff has failed to meet either requirement.

In his opposition to Defendant's motion to dismiss, Plaintiff acknowledges that Defendant services Plaintiff's mortgage.  Doc. No. 23 at 3, 4, 6.  Plaintiff argues, in essence, that five credit pulls over an approximately sixteen month period by his mortgage loan services, when he is not in default, supports a plausible inference of willfulness.  On the present pleading record, the Court disagrees.

A credit report may be furnished to a person (or entity, see 15 U.S.C. § 1681a(b)) who, in relevant part:

> **(A)** intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> **. . .**
> **(E)** intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
> **(F)** otherwise has a legitimate business need for the information--
> **. . .**

3

> **(ii)** to review an account to determine whether the consumer continues to meet the terms of the account.
>
> **. . .**

15 U.S.C. § 1681b(a)(3).  Two of the five inquiries, on the plain terms of Plaintiff's pleadings, fall within subsection (A).  Moreover, as Plaintiff's loan servicer, Defendant may properly pull Plaintiff's credit report to review the account to determine whether the consumer continues to meet the terms of the account.  Such a need would arise in the ordinary course in evaluating loan portfolios, securing insurance, or reporting to investors.  Without any factual allegation supporting willfulness, other than the number of pulls within the time period, and faced with the incorporated documents showing that the pulls were made either to review the account or to extend credit, Plaintiff has failed to plausibly allege the elements of his claim.[3]

Accordingly, Defendant's Motion to Dismiss (Doc. No. 20) is ALLOWED.


SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[3] Contrary to Plaintiff's argument, the Court's ruling does not involve improperly weighing competing factual explanations on a motion to dismiss. Rather, the factual allegations before the Court cannot support the inference Plaintiff asserts and, thus, his theory is not plausible.